UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMA WRIGHT,<br><br>      Plaintiff,<br><br>v.<br><br>MICRO FOCUS, LLC, and<br>OPEN TEXT, INC.,<br><br>      Defendants. | Civil Action No. 1:24-cv-10508-RGS |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Norma Wright and Defendants Micro Focus, LLC and Open Text, Inc. (collectively, "Defendants"), the Parties in the above-captioned matter (each a "Party" and collectively, the "Parties") have agreed, that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials;

WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential" information or item will be disclosed only as provided herein;

THEREFORE, the Parties seek the entry of the Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein designated as "Confidential" on the terms set forth herein.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. **DEFINITIONS**

   a. <u>Party</u>: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, in-house and outside counsel (and their support staff).

   b. <u>Disclosures or Discovery Material</u>: all items or information, regardless of the

medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  c. <u>"Confidential" Information or Items</u>: The word "confidential" shall mean information that is not publicly available, and which constitutes trade secrets, proprietary or competitively sensitive information, medical or therapy records of any party or potential witness or employee of the defendant corporation, minor's identities, or information or documents that are deemed confidential by operation of law. By agreeing to this Order, neither party agrees to or admits to the documents designated by the other party as "Confidential" to actually be confidential and no presumption of confidentiality shall be made by the Courts as a result of the designation if the designation is challenged. The designation of "confidentiality" by either party shall not create a presumption or inference that the documents are in fact confidential. Confidential information also includes private information pertaining to Defendants' employees, for which the Parties or any third party have a duty to maintain confidentiality.

  d. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party in this action.

  e. <u>Producing Party</u>: A Party that produces Disclosure or Discovery Material in this action.

  f. <u>Designating Party</u>: A Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

  g. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" pursuant to this Order.

  h. <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained

to represent or advise a Party in this action.

  i.  <u>House Counsel</u>: Attorneys who are employees of a Party.

  j.  <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

  k.  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  l.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.**  **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

This Order shall not apply to any documents, or information contained therein, which is available publicly, are "Public Documents" that are a matter of public record on file with any governmental or regulatory agency or board, unless the confidentiality of the document and/or its contents has been or is preserved, in whole or in material part, pursuant to statutes or regulations applicable to the governmental or regulatory agency or board or under any agreement therewith.

3.  **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

4.  **DESIGNATING PROTECTED MATERIAL**

   a.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify the other Party that it is withdrawing the mistaken designation.

   b.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 4(b)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   i.  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered "CONFIDENTIAL" pursuant to this Order.

    ii.    for testimony given in deposition or in other pretrial or trial proceedings, that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order. Until the passage of thirty (30) days, the entire transcript shall be treated as "CONFIDENTIAL" pursuant to this Order.

    iii.    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

c. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a. <u>Timing of Challenges</u>. If the RECEIVING Party wishes to challenge the Confidentiality Designation of a particular document or information, it must do so by letter or email to Counsel for the Designating Party within thirty (30) days of the Rule 56 service deadline for such document or information. Failure to challenge a confidentiality designation within this time frame shall operate as a waiver to future challenges. Until agreement is reached between Parties as to a Confidentiality Designation or the Court rules on a judicial challenge to a Confidentiality Designation pursuant to the procedures set forth in this Paragraph 5, the document shall be treated as "CONFIDENTIAL" pursuant to this Agreement.

b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must confer directly (in voice-to-voice

dialogue or via email or letter) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    c.    <u>Judicial Intervention</u>. A challenging Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, within fourteen (14) days after the meet and confer process ends, move the Court for an Order determining whether the item has been properly designated as confidential, identifying the challenged material and setting forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that (1) the movant has complied with the meet and confer requirements imposed in the preceding paragraph; (2) the material has been maintained as "CONFIDENTIAL" while the dispute is being resolved; and (3) sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party during the meet and confer process. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

    d.    This Order shall be without prejudice to the right of any party to contest the question of the confidential status of any category of documents, particular documents or part thereof which may be produced.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

    a.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    b.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    i.    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

    ii.    the Parties (if an entity, this includes present and former officers, directors, agents and employees (including House Counsel));

    iii.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Confidentiality Agreement" (**Exhibit A**);

    iv.    The Court and its personnel, subject to the procedures of Paragraph 9 below;

    v.    Court reporters, their staff, and professional vendors retained for purposes of this litigation;

    vi.    Potential, anticipated or actual fact witnesses and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

Stipulated Confidentiality Agreement" that is attached hereto as **Exhibit A**;

vii. Any mediators engaged by the parties, including their paralegals, secretaries, employees, and independent contractors; and

viii. The author of the document or the original source of the information.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Stipulated Protective Agreement" that is attached hereto as **Exhibit A**.

9. **FILING PROTECTED MATERIAL**

If a party is seeking to file a document containing its own Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential Information not filed under seal will continue to be protected by this order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked **NOT FOR DOCKETING – COURTESY COPY – SEALED FILING**.

10. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action (including any appeals), each Receiving Party must

either: 1) return all Protected Material to the Producing Party; 2) or destroy all Protected Material, as directed in writing by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3, above.

**11.   MISCELLANEOUS**

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

c. Once executed by the Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

STIPULATED TO THIS 23rd DAY OF OCTOBER 2024.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| NORMA WRIGHT, | MICRO FOCUS, LLC and OPEN TEXT, INC. |
| By her attorney, | By their attorneys, |
| /s/ Joseph Sulman | /s/ Shea A. Miller |
| Joseph Sulman, Bar No. 663635 | Francis J. Bingham, Bar No. 682502 |
| jsulman@sulmanlaw.com | fbingham@littler.com |
| William E. Petrone, Bar No. 711524 | Shea A. Miller, Bar No. 699326 |
| wpetrone@sulmanlaw.com | samiller@littler.com |
| LAW OFFICE OF JOSEPH SULMAN | LITTLER MENDELSON, P.C. |
| 255 Bear Hill Road, Suite 402 | One International Place |
| Waltham, MA 02451 | Suite 2700 |
| (617) 521-8600 | Boston, MA 02110 |
| | Telephone: 617.378.6000 |
| | Facsimile: 617.737.0052 |

Dated: October 23, 2024

**SO ORDERED,**

_____
Richard G. Stearns, J.

DATED: 10-24, 2024