UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10508-RGS

NORMA WRIGHT

v.

MICRO FOCUS, LLC and
OPENTEXT, INC.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

May 29, 2025

STEARNS, D.J.

Plaintiff Norma Wright is suing her former employer, Micro Focus LLC (Micro Focus), and its successor-in-interest, OpenText, Inc. (OpenText), under the anti-retaliation provision of the Massachusetts Paid Family and Medical Leave Act (PFMLA), Mass. Gen. Laws ch. 175M, § 9. She asserts that defendants unlawfully terminated her for taking maternity leave shortly after she returned to work. Defendants move for summary judgment on her claim. For the following reasons, the court will deny the motion.

## FACTUAL BACKGROUND

The facts, viewed in the light most favorable to Wright as the non-moving party, are as follows. In early 2023, Wright, a software engineer in

Micro Focus's Partner Alliance Team, informed her supervisor, Jawahar Annaldasula, that she was pregnant and soon would need to take maternity leave.[1]  Shortly thereafter, Annaldasula gave Wright a negative oral performance review which he allegedly attributed entirely to her impending leave.  *See* Wright Dep. [Dkt # 35-2] at 66:14-20.

Wright began her maternity leave in April of 2023 (the PFMLA portion of her leave, however, appears to have run from June 5, 2023, through August 27, 2023).  While she was on leave, performance evaluations for the 2023 fiscal year became due.[2]  Annaldasula included only one project in Wright's evaluation and misidentified her as assisting in the project rather than leading it.  *See* FY2023 Performance Plan for Norma Wright (Performance Review) [Dkt # 35-7] at 3.  Based on this single data point, he assigned her a ranking of "Developing Performance" (the second lowest rating) in the categories of Goals and Performance.[3]

---

[1] Wright had previously taken maternity leaves in 2019 for the birth of her first child and in 2021 for the birth of her second child.

[2] Micro Focus switched from its previous November-October fiscal year to OpenText's July-June fiscal year after OpenText acquired Micro Focus in January of 2023.  Performance reviews for 2023 accordingly covered the period of November 2022 through June 2023.

[3] Wright, like other employees at Micro Focus, was evaluated in three separate categories – Goals, Competency, and Performance – using a four-

2

Wright's review passed from Annaldasula to his manager, Stephen Walkauskas, for a process known as calibration. Although the stated policy of Open Text's Human Resources department was to hold evaluations of employees on leave at the calibration stage "until the employee returns and is able to complete their self review," Pl.'s Statement of Material Facts [Dkt # 35], Ex. 6 at 1, Walkauskas calibrated Wright's evaluation while she was on leave, reducing her ranking in the Goals and Performance categories from "Developing Performance" to "Below Expectations" (the lowest rating).[4] In a comment left on the evaluation, he explained that providing assistance to another team member on a single project "falls short of expectations for 5 months of work."[5] Performance Review at 4. Annaldasula purportedly disagreed with the decision and advocated (without success) for Wright to receive a higher rating.

Defendants' Human Resources department flagged the "Below Expectations" ratings for review twice during processing – the first time

---

point scale – "Exceptional Performance," "Successful Performance," "Developing Performance," and "Below Expectations."

[4] The numerical rating for Wright's overall performance, however, remained as 3.0/4.0. Performance Review at 2.

[5] The evaluation also includes a comment from Annaldasula regarding Wright being out on maternity leave. *See* Performance Review at 4. According to Annaldasula, he only added this information at Walkauskas' direction. *See* Annaldasula Dep. [Dkt # 35-5] at 80:3-18.

3

because it "d[id]n't seem to make complete sense" given Wright's numerical rating (3.0 out of 4.0) on overall performance, Stefanilo Decl. [Dkt # 33], Ex. 6 at 1; *see also* Hatton Dep. [Dkt # 35-1] at 59:4-61:20, and the second time because "she ha[d] just recently returned from" maternity leave and Human Resources "want[ed] to make sure [it was] comfortable with the rationale" for giving such a low rating, *see* Hafen Dep. [Dkt # 35-3] at 35:3-6.

Around the time Walkauskas calibrated Wright's rating downwards, OpenText – which, as noted above, had acquired Micro Focus in January of 2023, *see supra* note 2 – began planning a reduction in force, known internally as Project Reshape.[6]  Project Reshape targeted "Below Performers" – employees who had been rated as "Below Expectations" in their 2023 performance evaluations.  Because Walkauskas calibrated Wright's performance in the categories of Goals and Performance down to "Below Expectations,"[7] and because Wright returned from leave on August

---

[6] Project Reshape was a second round of firm-wide layoffs.  The first round took place shortly after the acquisition and affected more than 1,200 employees globally.

[7] Walkauskas seemingly was unaware of Project Reshape at the time he calibrated Wright's rating downward.  The downsizing was initially kept secret amongst senior leadership; lower-level managers like Walkauskas were not informed of it until mid to late September of 2023.

28 (before Project Reshape took effect), she was included in the list of employees to be terminated.

Wright's termination took effect on October 2, 2023. Although, as defendants note, 81 other employees in the Engineering Department (and more than 700 employees globally) were terminated the same day, Wright was the only member of her team included in the layoff.[8]

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[8] All but two of her remaining team members (both of whom assumed new roles) were subsequently terminated in 2024, as was Annaldasula.

Under the anti-retaliation provision of the PFMLA, an employer "shall be presumed" to have retaliated against an employee if it makes any "negative change in the . . . status" of the employee within six months of the employee taking family or medical leave. Mass. Gen. Laws ch. 175M, § 9(c). This "presumption shall be rebutted only by clear and convincing evidence that such employer's action was not retaliation against the employee and that the employer had sufficient independent justification for taking such action and would have in fact taken such action in the same manner and at the same time the action was taken, regardless of the employee's use of leave." *Id.*

There is a genuine dispute of material fact as to whether defendants have rebutted the presumption of retaliation. Although, as defendants note, senior leadership (and *not* Annaldasula or Walkauskas) made the ultimate decision to terminate Wright,[9] senior leadership's decision-making was not entirely free of Annaldasula's and Walkauskas's influence. *Cf. Cariglia v. Hertz Equip. Rental Corp.*, 363 F.3d 77, 85 (1st Cir. 2004) (endorsing a "cat's

---

[9] To the extent defendants also imply in this portion of their briefing that they have met their burden because all but two of her team members were subsequently terminated in 2024, the court is not persuaded. The relevant inquiry is whether the employer "would have in fact taken such action ***in the same manner*** and ***at the same time*** the action was taken, regardless of the employee's use of leave." *Id.* (emphasis added). Termination in 2024 for reasons unrelated to performance would not qualify as "in the same manner" and "at the same time."

6

paw" theory of vicarious liability). Wright was only flagged for inclusion in Project Reshape because she received a "Below Expectations" rating in two categories of her 2023 review, and she only received those "Below Expectations" ratings because Walkauskas made the choice to calibrate Annaldasula's initial "Developing Performance" evaluation down a level.[10]

Summary judgment, then, turns on the motivation of Walkauskas in lowering Wright's rating. Have defendants shown that *every* reasonable juror would conclude it is highly likely that Walkauskas was acting based on legitimate performance concerns rather than any desire to retaliate against Wright for taking leave? The answer is no.[11] Although Wright's claim is by no means a lock, there is enough to give pause in circumstances surrounding Walkauskas' action that a reasonable juror could find the presumption unrebutted.[12] Defendants do not convincingly refute this point – their own

---

[10] Walkauskas only downgraded Wright's evaluation, moreover, because Annaldasula (allegedly falsely) listed Wright as having worked on only a single project in an assistant's role during the relevant five-month period.

[11] Even if the answer were yes, because Walkauskas premised the downgrade on Annaldasula's representation of the amount of work completed by Wright, and because Wright maintains that Annaldasula purposefully underreported that amount, summary judgment likely would still be inappropriate.

[12] Walkauskas, for example, seemingly ignored Human Resources' policy of keeping a performance review in the calibration stage until the

Human Resources department found the rating suspicious enough to flag it for review twice during processing.  *See* Stefanilo Decl., Ex. 6 at 1; Hatton Dep. at 59:4-61:20; Hafen Dep. at 34:23-35:17.  Summary judgment accordingly is inappropriate.[13]

## ORDER

For the forgoing reasons, defendants' motion for summary judgment is <u>DENIED</u>.  The Clerk shall schedule the case for trial.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

employee returned from leave and could complete a self-review, and according to Annaldasula, Walkauskas was the one who wanted the fact that Wright was on leave added to her review.

[13] Having found a genuine dispute of material fact as to whether the presumption of retaliation is rebutted, the court need not decide where the inquiry under the PFMLA ends.